IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL BOWIE,

         Plaintiff,                No. 2:12-cv-1220 KJN P

      vs.

L.D. ZAMORA, et al.,

         Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1    make monthly payments of twenty percent of the preceding month's income credited to

2    plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3    the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4    fee is paid in full.  28 U.S.C. § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief

6    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9    granted, or that seek monetary relief from a defendant who is immune from such relief.

10   28 U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20   1227.

21        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25   (1957).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

2

1  allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3  notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

4  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6  as true the allegations of the complaint in question,  id., and construe the pleading in the light

7  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

8         Plaintiff contends that following cervical surgery on November 24, 2010,

9  defendants denied plaintiff "appropriate medically necessary pain medication" for plaintiff's

10 allegedly chronic pain.  Plaintiff states that "due to this ongoing deliberate indifference," he has

11 been "extremely suffering."  (Dkt. No. 1 at 3.)  Plaintiff seeks injunctive relief and monetary

12 damages.

13        The Civil Rights Act under which this action was filed provides as follows:

14     Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
15     deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
16     law, suit in equity, or other proper proceeding for redress.

17 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

18 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

19 Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

20 § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

21 (no affirmative link between the incidents of police misconduct and the adoption of any plan or

22 policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

23 another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

24 affirmative act, participates in another's affirmative acts or omits to perform an act which he is

25 legally required to do that causes the deprivation of which complaint is made." Johnson v.

26 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

                                              3

1    Moreover, supervisory personnel are generally not liable under § 1983 for the

2    actions of their employees under a theory of respondeat superior and, therefore, when a named

3    defendant holds a supervisorial position, the causal link between him and the claimed

4    constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

5    (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

6    Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

7    there is no evidence of personal participation).  Vague and conclusory allegations concerning the

8    involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

9    of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

10   personal participation is insufficient).

11   In the instant complaint, plaintiff fails to allege facts demonstrating how each

12   defendant was deliberately indifferent to plaintiff's serious medical needs.

13        [T]he pleading standard Rule 8 announces does not require
          "detailed factual allegations," but it demands more than an

14        unadorned, the-defendant-unlawfully-harmed- me accusation.  A
          pleading that offers "labels and conclusions" or "a formulaic

15        recitation of the elements of a cause of action will not do."

16   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 555).

17   Thus, plaintiff's conclusory statement that defendants were deliberately indifferent is insufficient

18   to state a cognizable Eighth Amendment violation.

19   Moreover, plaintiff must allege facts rising to the level of deliberate indifference.

20   To state a section 1983 claim for a constitutional violation based on inadequate medical care,

21   plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to

22   serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must

23   show both that his medical needs were objectively serious, and that defendant possessed a

24   sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991); McKinney v.

25   Anderson, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that significantly

26   affects an individual's daily activities, an injury or condition a reasonable doctor or patient would

4

find worthy of comment or treatment, or the existence of chronic and substantial pain.  See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.  Deliberate indifference in the medical context may also be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need.  Jett v. Panner, 439 F.3d 1091, 1096 (9th Cir. 2006).

However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344

1   (9th Cir. 1981).

2          Here, plaintiff provided copies of his administrative appeals addressing his claim

3   concerning the failure of defendants to provide plaintiff with pain medications.  Dr. Zamora

4   noted that (a) plaintiff was seen by his primary care providers on several occasions from

5   November 2, 2011, through March 26, 2012; (b) plaintiff's current medical profile indicates

6   active prescriptions for the pain medication salsalate (generic to disaclid), and for neuropathy

7   medication oxcarbazepine; (c) there was no documentation plaintiff requested a renewal of

8   acetaminophen which assists plaintiff with pain control; and (d) plaintiff is being evaluated,

9   treated, monitored, and educated concerning his complaints of neck pain and right arm numbness

10  consistent with the medical plan of care.  (Dkt. No. 1 at 9.)  In the second level review decision,

11  Dr. Swingle noted that Dr. Rohlfing conducted an evaluation for plaintiff's medical condition

12  and noted that there was "no significant objective finding to support [plaintiff's] subjective

13  complaints of pain.  There is no evidence of neuropathic pain or acute pathology on the MRI.

14  There is no medical indication for opiates for pain."  (Dkt. No. 1 at 15.)  Plaintiff was provided

15  an alternative medication, Tylenol 325 mg three tablets three times a day for residual discomfort.

16  (Id.)

17          Therefore, at present, the record reflects that plaintiff has a difference of opinion

18  as to his medical treatment.  In his complaint, plaintiff alleges no facts demonstrating each

19  defendant acted, or failed to act, with a culpable state of mind, or in deliberate indifference to an

20  excessive risk to plaintiff's serious medical needs.  As noted above, a conclusory statement that a

21  defendant was "deliberately indifferent" is insufficient.  Plaintiff must allege specific facts

22  supporting such a conclusion.[1]

23  ////

24

25          [1]  While the court may consider documents appended to the complaint, neither the court
    nor the named defendants are required to comb through exhibits to ascertain plaintiff's factual
26  allegations as to each defendant.

1          The court finds the allegations in plaintiff's complaint so vague and conclusory

2 that it is unable to determine whether the current action is frivolous or fails to state a claim for

3 relief.  The court has determined that the complaint does not contain a short and plain statement

4 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

5 policy, a complaint must give fair notice and state the elements of the claim plainly and

6 succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

7 allege with at least some degree of particularity overt acts which defendants engaged in that

8 support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

9 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

10 an amended complaint.

11          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

12 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

13 Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

14 how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

15 unless there is some affirmative link or connection between a defendant's actions and the

16 claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

17 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

18 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

19 268 (9th Cir. 1982).

20          In addition, plaintiff is hereby informed that the court cannot refer to a prior

21 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

22 an amended complaint be complete in itself without reference to any prior pleading.  This

23 requirement exists because, as a general rule, an amended complaint supersedes the original

24 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

25 complaint, the original pleading no longer serves any function in the case.  Therefore, in an

26 amended complaint, as in an original complaint, each claim and the involvement of each

1   defendant must be sufficiently alleged.

2          In accordance with the above, IT IS HEREBY ORDERED that:

3          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

6   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

7   Director of the California Department of Corrections and Rehabilitation filed concurrently

8   herewith.

9          3.  Plaintiff's complaint is dismissed.

10         4.  Within thirty days from the date of this order, plaintiff shall complete the

11  attached Notice of Amendment and submit the following documents to the court:

12         a.  The completed Notice of Amendment; and

13         b.  An original and one copy of the Amended Complaint.

14  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

15  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

16  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

17  Failure to file an amended complaint in accordance with this order may result in the dismissal of

18  this action.

19  DATED:  May 9, 2012

20

21  _____

22  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

23  bowi1220.14

24

25

26

8

1

2

3

4

5

6

7

8                                 IN THE UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARL BOWIE,

11                 Plaintiff,                              No. 2:12-cv-1220 KJN (P)

12        vs.

13   L.D. ZAMORA, et al.,                       <u>NOTICE OF AMENDMENT</u>

14                 Defendants.

15   _____/

16                 Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18                 _____        Amended Complaint

19   DATED:

20

21                                          _____

22                                          Plaintiff

23

24

25

26