IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL BOWIE,

       Plaintiff,                    No. 2:12-cv-1220 KJN P

   vs.

L.D. ZAMORA, et al.,

       Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 10, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Here, in the amended complaint, plaintiff now names only L.D. Zamora as a defendant, although he includes "et al" in the caption and references "other listed defendants" in

the statement of his claim. (Dkt. No. 7 at 2.) Plaintiff does not include key portions of the complaint; for example, he fails to set forth the requested relief, fails to name other individuals as defendants (if, indeed, he seeks to sue individuals other than Zamora, which a liberal reading of the amended complaint suggests), and fails to set forth the basics of his claim, i.e. as set forth in the first sentence of plaintiff's statement of claim in the original complaint (dkt. no. 1 at 3). Plaintiff is advised that he must fully complete the complaint form, so that it is complete by itself, without reference to prior pleadings.

Plaintiff now claims that defendant Zamora "is responsible for the behavior of medical staff at High Desert State Prison as their superior, meaning higher in order, situated above or over, meaning the main one responsible." (Dkt. No. 7 at 2.) However, as plaintiff was previously informed, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior, which is the connection plaintiff now alleges.

Plaintiff also alleges that defendant Zamora's deliberate indifference is demonstrated by other inmates receiving the same cervical surgery by the same surgeon plaintiff received who were prescribed chronic pain medication which was adequate medical care. (Dkt. No. 7 at 2.) However, medical treatment is personal to the patient. Even if other inmates had the same surgery by the same surgeon, their medical needs could differ from plaintiff, based on their response to surgery or pre-existing medical conditions.

To the extent that plaintiff contends defendant Zamora is liable based on his role in the inmate grievance process, plaintiff is mistaken. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance

process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Moreover, defendant Zamora's response to plaintiff's administrative appeal does not reflect deliberate indifference on the part of defendant Zamora. Rather, the decision reflects that plaintiff was seen by his primary care physician on several occasions between plaintiff's neck compression surgery in November 2011, through March 26, 2012. (Id.) Plaintiff was prescribed the pain medication salsalate (generic to disaclid), and neuropathy medication oxcarbazepine; there was no documentation that plaintiff requested a renewal of acetaminophen which assists plaintiff with pain control; and plaintiff was being evaluated, treated, monitored, and educated concerning his complaints of neck pain and right arm numbness consistent with the medical plan of care. (Id.)

Plaintiff now claims that he "complied with all prescribed medications in hopes that it would remedy the pain, but it did not, . . . so he patiently and humbly went along with their recommendations and let them know that it was not working, which shows they were in a culpable state of mind and did nothing to prevent this ongoing cruel and unusual suffering by providing them the opportunity through the grievance procedure, in which the final decision was made by L.D. Zamora." (Dkt. No. 7 at 2.)

As plaintiff was previously informed, he must include factual allegations as to each named defendant specifically identifying the actions, or failures to act, that plaintiff alleges demonstrate each defendant was deliberately indifferent to plaintiff's serious medical needs. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 555).

4

1  Plaintiff may not simply refer to the administrative appeal process generally.  Rather, plaintiff
2  must set forth how each defendant was deliberately indifferent to plaintiff's alleged complaints of
3  pain and alleged complaints that the prescribed medication was not working.[1]  Any second
4  amended complaint must provide factual allegations sufficient to put a defendant on notice of
5  plaintiff's alleged constitutional violations.

6        The court finds the allegations in plaintiff's amended complaint so vague and
7  conclusory that it is unable to determine whether the current action is frivolous or fails to state a
8  claim for relief.  The court has determined that the amended complaint does not contain a short
9  and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a
10 flexible pleading policy, a complaint must give fair notice and state the elements of the claim
11 plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).
12 Plaintiff must allege with at least some degree of particularity overt acts which defendants
13 engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the
14 requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court
15 will, however, grant leave to file a second amended complaint.

16       If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate
17 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional
18 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint
19 must allege in specific terms how each named defendant is involved.  There can be no liability
20 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
21 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
22 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
23 1978).

---

[1] For example, in one administrative appeal, plaintiff states tylenol . . . is not for chronic pain meaning ongoing lingering [pain]. . . .  when [plaintiff] [was seen] on 11/13/11, [the doctor] looked at me and said you [are] not in pain, which is his opinion in which is not supported by proof."  (Dkt. No. 1 at 12.)

1  Furthermore, vague and conclusory allegations of official participation in civil rights violations
2  are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).
3          In addition, as set forth above, the court cannot refer to a prior pleading in order to
4  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleadings
8  no longer serve any function in the case.  Therefore, in a second amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10  alleged.
11          In accordance with the above, IT IS HEREBY ORDERED that:
12          1. Plaintiff's amended complaint is dismissed; and
13          2. Within thirty days from the date of this order, plaintiff shall complete the
14  attached Notice of Amendment and submit the following documents to the court:
15              a. The completed Notice of Amendment; and
16              b. An original and one copy of the Second Amended Complaint.
17  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights
18  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
19  complaint must bear the docket number assigned this case and must be labeled "Second
20  Amended Complaint"; failure to file a second amended complaint in accordance with this order
21  may result in the dismissal of this action.
22  DATED: June 13, 2012

                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE

bowi1220.14a

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL BOWIE,

      Plaintiff,                        No. 2:12-cv-1220 KJN P

      vs.

L.D. ZAMORA, et al.,                 NOTICE OF AMENDMENT

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Second Amended Complaint

DATED:

                                          _____
                                          Plaintiff