IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL BOWIE,

        Plaintiff,                          No. 2:12-cv-1220 KJN P

    vs.

L.D. ZAMORA, et al.,

        Defendants.           ORDER

                             /

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. By order filed June 13, 2012, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

        As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1

In the second amended complaint, plaintiff now names Dr. Lee and Nurse Practitioner Robertson as defendants. Plaintiff claims that their actions during a March 12, 2012 pain management committee meeting constitute deliberate indifference to plaintiff's serious medical needs. However, as plaintiff was previously informed, plaintiff must address each element of a deliberate indifference claim. In the second amended complaint, plaintiff fails to identify the nature of his medical condition which is allegedly causing him chronic pain. If, as plaintiff has previously alleged, his chronic pain has continued without medication, he must show his medical needs are objectively serious.

Moreover, it does not appear that plaintiff has exhausted his administrative remedies in connection with the issues addressed at the March 12, 2012 committee meeting. Neither of the named defendants, nor their actions during the committee meeting are referenced in the grievances appended to plaintiff's original complaint. (Dkt. No. 1 at 8-18.) Plaintiff is cautioned that exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. If the pain management committee was provided information that plaintiff was performing exercises that he was, in fact, not performing, plaintiff may be able to rectify this error through the administrative appeal process.

In any event, to state a section 1983 claim for a constitutional violation based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable

doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

        Therefore, the court will dismiss plaintiff's second amended complaint and provide plaintiff with an opportunity to file a third amended complaint that includes facts supporting both prongs of the deliberate indifference standard.  Plaintiff is advised that the third amended complaint must be complete in and of itself; the court cannot refer to prior pleadings to make the third amended complaint complete.  The court has determined that the second amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

        If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

        In addition, as set forth above, the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the prior pleadings no longer serve any function in the case.  Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        Finally, in the relief section of the second amended complaint, plaintiff states that he seeks "a preliminary injunction in the interest of justice to prevent irreparable harm which means a harm that cannot be fixed."  (Dkt. No. 9 at 2.)

        "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted).

Plaintiff's request for injunctive relief is premature. First, no defendant has been served with process or appeared in this action. At this early stage of the litigation, the court is unable to ascertain whether plaintiff is likely to succeed on the merits of his claims. Second, plaintiff fails to provide factual support for his claim for injunctive relief. Plaintiff's request is conclusory and fails to demonstrate why he believes he will suffer irreparable harm. Thus, plaintiff's request is denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed;

2. Plaintiff's request for injunctive relief is denied without prejudice;

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

DATED: July 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bowi1220.14b

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL BOWIE,

     Plaintiff,                              No. 2:12-cv-1220 KJN P

    vs.

L.D. ZAMORA, et al.,                NOTICE OF AMENDMENT

     Defendants.

_____/

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

     _____      Third Amended Complaint

DATED:

                                                                         _____
                                                                         Plaintiff