1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CARL BOWIE,

11              Plaintiff,                        No. 2:12-cv-1220 KJN P

12        vs.

13    L.D. ZAMORA, et al.,

14              Defendants.                       <u>ORDER</u>

15    _____/

16              Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an

17    action filed pursuant to 42 U.S.C. § 1983.  By order filed June 13, 2012, plaintiff's amended

18    complaint was dismissed with leave to file a second amended complaint.  Plaintiff has now filed

19    a second amended complaint.

20              As plaintiff was previously informed, the court is required to screen complaints

21    brought by prisoners seeking relief against a governmental entity or officer or employee of a

22    governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion

23    thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

24    a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

25    immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26    ////

1

In the second amended complaint, plaintiff now names Dr. Lee and Nurse Practitioner Robertson as defendants.  Plaintiff claims that their actions during a March 12, 2012 pain management committee meeting constitute deliberate indifference to plaintiff's serious medical needs.  However, as plaintiff was previously informed, plaintiff must address each element of a deliberate indifference claim.  In the second amended complaint, plaintiff fails to identify the nature of his medical condition which is allegedly causing him chronic pain.  If, as plaintiff has previously alleged, his chronic pain has continued without medication, he must show his medical needs are objectively serious.

Moreover, it does not appear that plaintiff has exhausted his administrative remedies in connection with the issues addressed at the March 12, 2012 committee meeting.  Neither of the named defendants, nor their actions during the committee meeting are referenced in the grievances appended to plaintiff's original complaint.  (Dkt. No. 1 at 8-18.)  Plaintiff is cautioned that exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.  If the pain management committee was provided information that plaintiff was performing exercises that he was, in fact, not performing, plaintiff may be able to rectify this error through the administrative appeal process.

In any event, to state a section 1983 claim for a constitutional violation based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable

1   doctor or patient would find worthy of comment or treatment, or the existence of chronic and

2   substantial pain.  See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992),

3   overruled on other grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en

4   banc).

5          Therefore, the court will dismiss plaintiff's second amended complaint and

6   provide plaintiff with an opportunity to file a third amended complaint that includes facts

7   supporting both prongs of the deliberate indifference standard.  Plaintiff is advised that the third

8   amended complaint must be complete in and of itself; the court cannot refer to prior pleadings to

9   make the third amended complaint complete.  The court has determined that the second amended

10  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

11         If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate

12  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

13  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

14         In addition, as set forth above, the court cannot refer to a prior pleading in order to

15  make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended

16  complaint be complete in itself without reference to any prior pleading.  This requirement is

17  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

18  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the prior

19  pleadings no longer serve any function in the case.  Therefore, in a third amended complaint, as

20  in an original complaint, each claim and the involvement of each defendant must be sufficiently

21  alleged.

22         Finally, in the relief section of the second amended complaint, plaintiff states that

23  he seeks "a preliminary injunction in the interest of justice to prevent irreparable harm which

24  means a harm that cannot be fixed."  (Dkt. No. 9 at 2.)

25         "The proper legal standard for preliminary injunctive relief requires a party to

26  demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

1  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

2  injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

3  2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

4         A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale

5  approach or "serious questions" test survives "when applied as part of the four-element Winter

6  test." Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011).

7  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply

8  towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also

9  shows that there is a likelihood of irreparable injury and that the injunction is in the public

10  interest." Id. In cases brought by prisoners involving conditions of confinement, any preliminary

11  injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm

12  the court finds requires preliminary relief, and be the least intrusive means necessary to correct

13  the harm." 18 U.S.C. § 3626(a)(2).

14         Initially, the principal purpose of preliminary injunctive relief is to preserve the

15  court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan

16  Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted

17  above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant

18  the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his

19  claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982)

20  (internal citation omitted).

21         Plaintiff's request for injunctive relief is premature. First, no defendant has been

22  served with process or appeared in this action. At this early stage of the litigation, the court is

23  unable to ascertain whether plaintiff is likely to succeed on the merits of his claims. Second,

24  plaintiff fails to provide factual support for his claim for injunctive relief. Plaintiff's request is

25  conclusory and fails to demonstrate why he believes he will suffer irreparable harm. Thus,

26  plaintiff's request is denied without prejudice.

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's second amended complaint is dismissed;

3        2.  Plaintiff's request for injunctive relief is denied without prejudice;

4        3.  Within thirty days from the date of this order, plaintiff shall complete the

5    attached Notice of Amendment and submit the following documents to the court:

6            a.  The completed Notice of Amendment; and

7            b.  An original and one copy of the Third Amended Complaint.

8    Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,

9    the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended

10   complaint must bear the docket number assigned this case and must be labeled "Third Amended

11   Complaint"; failure to file a third amended complaint in accordance with this order may result in

12   the dismissal of this action.

13   DATED:  July 23, 2012

14

15

16   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

17   bowi1220.14b

18

19

20

21

22

23

24

25

26

5

1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARL BOWIE,

11             Plaintiff,                    No. 2:12-cv-1220 KJN P

12        vs.

13   L.D. ZAMORA, et al.,                    NOTICE OF AMENDMENT

14             Defendants.

15   _____/

16             Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18        _____    Third Amended Complaint

19   DATED:

20

21                              _____
                                Plaintiff
22

23

24

25

26